**WO**                              NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bridgepoint Construction Services Incorporated, *et al.*, | No. CV-16-00078-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| James Lassetter, | |
| Defendant. | |

At issue is Defendant James Lassetter's Motion to Dismiss (Doc. 14, MTD), to which Plaintiffs Bridgepoint Construction Services, Inc. and Norm Salter filed a Response (Doc. 15, Resp.) and Defendants filed a Reply (Doc. 16, Reply). The Court heard oral argument on the Motion on June 27, 2016. (Doc. 18.) For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## I.    BACKGROUND

In the Complaint (Doc. 1, Compl.), Plaintiffs allege the following facts. Non-party Martin Newton formed Vista Oceano La Mesa Venture LLC ("Vista") to develop a real estate project in Santa Barbara, California. (Compl. ¶ 21.) Newton also formed Plaintiff Bridgepoint Construction Services, Inc. ("Bridgepoint") with his cousin, Plaintiff Norm Salter, which provided construction services for the project. (Compl. ¶¶ 15, 21.) In order to complete the project and qualify for a $9.45 million bank loan, Newton contacted Defendant, who agreed to join the project through his entity Tenacious Adventures LLC

("Tenacious"). (Compl. ¶¶ 19, 22.) Tenacious invested $3 million, and Vista was restructured with Tenacious as the sole member and Point III Holdings LLC ("Point III")—solely owned by Newton—as the manager. (Compl. ¶¶ 22, 23.) Unforeseen conditions and increased costs caused the project to be over budget and underfunded. (Compl. ¶¶ 27, 28, 35.) Part of this shortfall was made up by Bridgepoint using its own funds. (Compl. ¶ 36.) Vista and Bridgepoint drafted an amended development services agreement, during which time Newton, with the alleged knowledge and approval of Defendant, represented to Plaintiffs that they would share in the profits of the project by receiving Point III's share of the waterfall profit-sharing provision in the Vista operating agreement. (Compl. ¶¶ 31, 32.) Newton and Defendant also orally promised that Bridgepoint would be paid first, before any other amounts were paid to anyone except the bank. (Compl. ¶ 38.)

Plaintiffs allege Newton made these representations in the ordinary course of his responsibilities as manager of Vista, with Defendant's knowledge, participation, encouragement, and consent. (Compl. ¶ 57.) Plaintiffs allege that both Newton and Defendant knew that these representations were false and made them with the intent to defraud Plaintiffs. (Compl. ¶ 52.) Plaintiffs further allege that Newton and Defendant knowingly and willfully conspired to cause a breach of fiduciary duties owed by Newton to Plaintiffs, by requiring and encouraging Plaintiffs to finance the construction project without any intention of reimbursing them. (Compl. ¶ 70.)

In the end, Vista earned a $7.3 million profit on the project, and Plaintiffs allege $6.9 million "was diverted to Defendant in Arizona in order to render Vista judgment proof." (Compl. ¶ 45.) Plaintiffs therefore claim Defendant became indebted to Plaintiffs for money had and received by Defendant for the use and benefit of Plaintiffs. (Compl. ¶ 85.) Plaintiffs also claim Bridgepoint has not received its orally promised share of the profits from the project. (Compl. ¶ 43.)

Based on the preceding allegations, Plaintiffs bring the following claims against Defendant: Conspiracy to Commit Fraud (Count I), Conspiracy to Breach a Fiduciary

Duty (Count II), Fraudulent Transfer (Count III), and Money Had and Received (Count IV). (Compl. ¶¶ 48–89.) Defendant now moves to dismiss all of Plaintiffs' claims against him.

## II.    LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

## III.    ANALYSIS

As a threshold matter, the Court must decide which state's substantive law applies in this dispute. This is a diversity action under 28 U.S.C. § 1332. When a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the

controlling substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). Arizona's choice-of-law test looks for the state with the most significant relationship to the claim. *Bobbitt v. Milberg LLP*, 801 F.3d 1066, 1071 (9th Cir. 2015).

The choice of law analysis in this case is straightforward. The underlying transaction in this dispute is a land development project in California. The alleged fraudulent misrepresentations took place in California and the potential damage would be felt by a California corporation and a California citizen. The only connection to Arizona is Defendant's Arizona citizenship. Therefore, the Court finds the state of California has the most significant relationship to this claim and California law applies.

### A.    Conspiracy to Commit Fraud

Plaintiffs claim that Defendant and Newton conspired to defraud them of their share of money due from the project. (Compl. ¶¶ 48–63.) Where a plaintiff alleges fraud or misrepresentation, Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements. Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). The heightened pleading requirements of Rule 9(b) apply even where "fraud is not a necessary element of a claim." *Vess*, 317 F.3d at 1106. So long as a plaintiff alleges a claim that "sounds in fraud" or is "grounded in fraud," Rule 9(b) applies. *Id.* "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Id.*

Plaintiff's Complaint does not state the circumstances that constitute the alleged fraud with the particularity required by Rule 9(b). The majority of the allegations in the Complaint are directed at conduct by Newton—or Newton and Defendant together—and the remaining claims against Defendant individually are insufficient. At oral argument, Plaintiffs cited *Swartz v. KPMG*, 476 F.3d 756 (9th Cir. 2007), to suggest they are not

required to allege the particular fraud or false statements made by each and every defendant or identify every detail in furtherance of the conspiracy. (June 27, 2016 Hr'g Tr. at 128-29.) However, Plaintiffs must identify, at a minimum, the role of Defendant in the alleged fraud. *See Swartz*, 476 F.3d at 765. And while Plaintiffs need not identify every detail, there must be enough detail to plausibly support their allegations against Defendant. *See Vess*, 317 F.3d at 1106.

Here, Plaintiffs' claim fails to allege enough factual non-conclusory allegations to support the claim that Defendant conspired to commit fraud. The bulk of the allegations are against Newton and Defendant together, and the Complaint fails to allege any specific acts or role by Defendant. This is insufficient under Rule 9(b). Further, the Complaint fails to allege facts to support an inference that Defendant, and not Tenacious as sole member of Vista, had a role in the fraud. Without alter ego allegations, the Court cannot disregard the corporate forms of the parties to the alleged agreement, and the Court does not find enough facts in the Complaint to state a claim to relief against Defendant that is plausible on its face. Thus, the Court dismisses Plaintiffs' claim of Conspiracy to Commit Fraud (Count I), but grants Plaintiffs leave to amend if they can allege facts to plausibly support an inference that Defendant is individually liable and had a specific role in the conspiracy to commit fraud.

### B.    Conspiracy to Breach Fiduciary Duty

Plaintiffs claim Defendant conspired with Newton to cause a breach of fiduciary duties owed by Newton to Plaintiffs. (Compl. ¶¶ 64–76.) Liability arising from conspiracy assumes that the co-conspirator is legally capable of committing the underlying tort or that he or she owes a duty to plaintiff recognized by law. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994). A non-fiduciary cannot conspire to breach a duty owed only by a fiduciary. *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 171 Cal. Rptr. 3d 548, 566 (Ct. App. 2014) (citing *Everest Inv'rs 8 v. Whitehall Real Estate Ltd. P'ship XI*, 123 Cal. Rptr. 2d 297 (Ct. App. 2002)).

As a non-fiduciary, Defendant is legally incapable of breaching the fiduciary duty

owed to Plaintiffs. The underlying dispute in this Complaint involves a transaction between Bridgepoint and Vista, and Defendant is at least three levels removed from any dealings with Plaintiffs. Defendant is the sole member of Tenacious, which in turn is the sole member of Vista, which was involved in an arm's length transaction with Plaintiff Bridgepoint, of which Plaintiff Salter is a minority shareholder. Considering the non-conclusory allegations of the Complaint, it is less than plausible that Defendant had any individual responsibility or owed any fiduciary duty to Plaintiffs. Because Defendant cannot commit a breach of fiduciary duty, the underlying tort in the alleged conspiracy, he cannot be liable for a conspiracy to breach that duty. *See Am. Master*, 171 Cal. Rptr. 3d at 566. Thus, the Court dismisses with prejudice Plaintiffs claim of Conspiracy to Breach a Fiduciary Duty (Count II).

### C.     Fraudulent Transfer

Plaintiffs allege that Newton and Defendant "by and through their entities" conspired to delay, hinder, and defraud a creditor. (Compl. ¶¶ 77–83.) Under California law, a fraudulent transfer occurs when a debtor makes a transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. Cal. Civil Code § 3439.04(a)(1). While Plaintiffs' allegation mirrors the statutory language, the claim is self-defeating. Because this claim is against Defendant individually, Plaintiffs' allegation that he acted by and through his entity precludes his individual responsibility. Thus, the Court dismisses Plaintiff's claim of Fraudulent Transfer (Count III), but grants Plaintiffs leave to amend.

### D.     Money Had and Received

Plaintiffs claim Defendant is indebted to Plaintiffs for money intended for their benefit. (Compl. ¶¶ 84–89.) Under California law, a claim for money had and received arises when one person receives money which belongs to another. *Avidor v. Sutter's Place, Inc.*, 151 Cal. Rptr. 3d. 804, 816 (Ct. App. 2013). Plaintiffs further state that under California law they do not need to plead this claim with any specificity. (Resp. at 10.) However, while state law may apply to the elements of the claim, the federal pleading

rules still control. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (noting federal courts sitting in diversity apply state substantive law and federal procedural law.)

Here, Plaintiffs have failed to allege facts to plausibly show how Defendant has their money, and more importantly, how he acquired this money in his individual capacity. As discussed, this dispute involves two entities: Bridgepoint and Vista. Plaintiffs' allegations are that money or profits from the project were received by Vista (Compl. ¶ 45), the sole member of which was Tenacious. Without an alter ego claim, or a plausible fraudulent transfer claim, the Court cannot plausibly infer that Defendant is individually liable for receiving money Plaintiffs themselves allege was received by Vista but meant for Plaintiffs.

Further, because this claim is grounded in fraud, Plaintiffs must plead with the particularity required by Rule 9(b). *See Vess*, 317 F.3d at 1106. Plaintiffs allege that Defendant knew they had a claim to a portion of the funds from the project, and that Defendant, not Vista or Tenacious, somehow received their money over a two-year period. This is insufficient under Rule 9(b). As with Plaintiffs' other claims, the Court cannot plausibly infer from Plaintiffs' non-conclusory allegations that Defendant is individually liable to the Plaintiffs for Money Had and Received. Thus, the Court dismisses this claim (Count IV), but grants Plaintiffs leave to amend.

## IV.    CONCLUSION

The Court finds that Plaintiffs' Complaint fails to meet the pleading requirements of Rules 8(a) and 9(b). Considering only the non-conclusory, factual allegations, Plaintiffs' Complaint fails to state a claim under which relief can be granted. Further, because the allegations in the Complaint relate to a dispute surrounding an arm's length transaction involving multiple entities, the Complaint fails to state how any of the alleged actions can be attributed to Defendant in his individual capacity. Therefore, the Court dismisses without prejudice Counts I, III, and IV. Because it does not appear Plaintiff can

cure the defects in Count II, Conspiracy to Breach a Fiduciary Duty, the Court dismisses it with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 14). Count II of Plaintiffs' Complaint is dismissed with prejudice, and Plaintiffs may amend Counts I, III, and IV.

**IT IS FURTHER ORDERED** that Plaintiffs must file any Amended Complaint by August 2, 2016. If Plaintiffs fail to timely file an Amended Complaint, the Clerk of Court shall dismiss this action without further Order of the Court.

Dated this 19th day of July, 2016.

_____

Honorable John J. Tuchi
United States District Judge