**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bridgepoint Construction Services Incorporated, *et al.*, <br><br>             Plaintiffs, <br><br> v. <br><br> James Lassetter, <br><br>             Defendant. | No. CV-16-00078-PHX-JJT <br><br> **ORDER** |

At issue is Defendant James Lassetter's Motion to Dismiss First Amended Complaint (Doc. 26, MTD), to which Plaintiffs Bridgepoint Construction Services, Inc. and Norm Salter filed a Response (Doc. 29, Resp.), Defendant filed a Reply (Doc. 35, Reply), and Plaintiffs filed a Surreply with leave of Court (Doc. 38, Surreply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

On July 19, 2016, the Court dismissed Plaintiffs' Complaint with leave to amend. (Doc. 19, Order.) Plaintiffs filed the First Amended Complaint (FAC) on July 19, 2016 (Doc. 20, FAC), and Defendant now moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). In its prior Order, the Court recited the allegations forming the basis of Plaintiffs' claims and, because Plaintiffs have not changed their basal allegations, the Court adopts its prior recitation here. (Order at 1-3.) Plaintiffs bring two claims against Defendant in the FAC: Fraudulent Transfer (Count I), and Money Had and Received (Count II). (Compl. ¶¶ 45-69.)

## I. LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort

to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record").

## II. ANALYSIS

### A. Fraudulent Transfer (Count I)

In its prior Order, the Court found that Plaintiffs' Fraudulent Transfer claim was defective because the Complaint did not contain any allegation that Defendant acted other than through his entity, Tenacious Adventures LLC. (Order at 6.) In the FAC, Plaintiffs bring their Fraudulent Transfer claim again (Count I) and add allegations that Defendant, acting on his own behalf but with the benefit of his control over Vista Oceano La Mesa Venture LLC, "directed Vista Oceano to transfer about $6.9 million to [himself] which essentially depleted Vista Oceano's bank account," that he transferred the funds to himself "to render Vista Oceano insolvent and unable to respond to judgment in favor of plaintiffs," that he diverted some of the funds to Tenacious but at all times "personally obtained these funds for his personal use and has exercised dominion and control over all these funds," that Tenacious "was a mere shell and sham used to shield defendant Lassetter [from] personal liability," that "adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice," and that Defendant "treated the assets of Tenacious as his own" and "commingled funds of Tenacious with other assets." (FAC ¶¶ 46-62.)

Defendant argues that Plaintiffs' claim is still defective because evidence from a separate lawsuit in California shows some of Plaintiffs' allegations are not true, essentially asking the Court to take judicial notice of a wealth of outside evidence. (MTD at 4-5.) Most of this evidence, however, is not the type of outside material courts may properly take judicial notice of at this stage of the litigation. Because the new evidence proffered by Defendant is either already in dispute or subject to dispute between the parties, the Court declines to consider this outside evidence in resolving Defendant's

Motion to Dismiss. The Court thus restricts its analysis to Plaintiffs' allegations in the FAC.

The parties appear to agree that Defendant's LLC, Tenacious, is an Oregon LLC—a fact not alleged in the FAC—and that Oregon law thus applies in examining whether Defendant was the alter ego of Tenacious.[1] (MTD at 6-7; Reply at 6.) To make an alter ego claim under Oregon law, a claimant must allege that the corporate shareholder had actual control of the corporation and that the claimant's inability to collect from the corporation results from improper conduct on the part of the shareholder. *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 654 P.2d 1092, 1101 (Or. 1982). Here, Plaintiffs' allegations that Defendant controlled Tenacious and, in turn, Vista Oceano, and that Defendant engaged in improper conduct by transferring $6.9 million from Vista Oceano to other accounts, including his own, to render Vista Oceano judgment-proof, are sufficient to state an alter ego claim under Oregon law. The Court will therefore deny Defendant's Motion to Dismiss with respect to Count I.

### B.     Money Had and Received (Count II)

In Count II of the FAC, Plaintiffs bring a claim for Money Had and Received. In examining whether Plaintiffs stated such a claim in the Complaint, the Court found that Plaintiffs had failed to allege sufficient facts leading the Court to the plausible inference that Defendant, not his entities, received money meant for Plaintiffs. (Order at 7.) The Court also found that Plaintiffs had not pled the claim with the particularity required by Federal Rule of Civil Procedure 9(b). (Order at 7.) In the FAC, Plaintiffs add the alter ego

---

[1] As the Court noted in its prior Order, when a federal court sits in diversity, as here, it must look to the forum state's choice of law rules to determine the controlling substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). Arizona's choice-of-law test looks for the state with the most significant relationship to the claim. *Bobbitt v. Milberg LLP*, 801 F.3d 1066, 1071 (9th Cir. 2015). Generally, in cases where a plaintiff attempts to pierce the corporate veil of a corporation to hold an individual defendant liable, the law of the state of incorporation determines when the corporate form will be disregarded. *See, e.g., Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993). However, as the Court already noted in its prior Order, citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996), the Court does not apply state law pleading requirements, as again advocated by Defendant. (*See* MTD at 7.)

allegations noted above as well as allegations that Defendant, through his entities, received around $2 million in payments of money through April 2015 that belonged to Plaintiffs as a result of Plaintiffs' partial financing of the construction project and pursuant to the terms of the underlying agreements. (FAC ¶¶ 36, 38-40, 63-69.) These allegations are adequate to state a claim for Defendant's individual liability for Money Had and Received under California law. *See Avidor v. Sutter's Place, Inc.*, 151 Cal. Rptr. 3d 804, 816 (Ct. App. 2013). Therefore, the Court will also deny Defendant's Motion to Dismiss with regard to Count II.

### C.     Other Issues

In their Response (Resp. at 1), Plaintiffs contend that Defendant's Motion to Dismiss was both untimely and filed without first conferring with Plaintiffs as required by the Court's Order. (*See* Docs. 13, 31.) Because the Court is denying Defendant's Motion to Dismiss on the merits, it need not address these alternate grounds for denial.

In his Reply, Defendant requests in passing that the Court impose sanctions on Plaintiffs under Federal Rule of Civil Procedure 11 for bringing the action "without substantial justification and solely for the purposes of harassing [Defendant]." (Reply at 2, 11.) Defendant's request is neither properly brought before the Court under Rule 11 nor properly supported, and in any event the Court is denying Defendant's Motion to Dismiss.

### III.    CONCLUSION

Rule 12(b)(6), under which Defendant brings his Motion to Dismiss, is designed to test the sufficiency of the allegations in a complaint, not the evidence that may or may not support the claims. *See Navarro*, 250 F.3d at 732. In the FAC, Plaintiffs have alleged sufficient facts to state claims against Defendant for Fraudulent Transfer and Money Had and Received.

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss (Doc. 26).

**IT IS FURTHER ORDERED** that Defendant shall file an Answer to Plaintiffs' First Amended Complaint as required by Federal Rule of Civil Procedure 12(a)(4).

Dated this 25th day of January, 2017.

*(signature)*
Honorable John J. Tuchi
United States District Judge