# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bridgepoint Construction Services Incorporated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> James Lassetter, <br><br> Defendant. | No. CV-16-00078-PHX-JJT <br><br> **ORDER** |

At issue are Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 45), to which Defendant filed a Response (Doc. 50), and Plaintiffs filed a Reply (Doc. 51); and Defendant's Motion to Stay (Doc. 55), to which Plaintiffs filed a Response (Doc. 57), and Defendant filed a Reply (Doc. 58). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.    MOTION TO AMEND**

In their Motion (Doc. 45), Plaintiffs request leave to amend the Amended Complaint (Doc. 20) to remove references to unknown "Doe Defendants" and to change the allegations pertaining to the ownership of Plaintiff Bridgepoint Construction Services Inc. Plaintiffs filed their Motion prior to the Court's Scheduling Conference (Doc. 53) and, in any event, the Scheduling Order (Doc. 54) provides that the deadline for filing motions to amend the complaint is December 1, 2017. Plaintiffs thus filed their Motion before the deadline.

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Federal Rule of Civil Procedure 12(b)(6) motion. In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (internal citations omitted).

In the Amended Complaint (Doc. 20), the operative pleading, Plaintiffs alleged that Plaintiff Norm Salter owned 25% of the shares of Plaintiff Bridgepoint and that non-party Martin Newton was 75% owner and Bridgepoint's director. In the proposed amendment, Plaintiffs allege that, on December 31, 2013, Newton resigned as Bridgepoint's director and transferred his entire stock ownership in Bridgepoint to Salter, making Salter the sole shareholder and director of Bridgepoint. (*See* Doc. 49-1, Proposed Second Am. Compl. ("SAC") at 3.)

Defendant disagrees. He maintains that Newton remains Bridgepoint's majority shareholder and director and that, in fact, Newton, on behalf of Bridgepoint, has asked Plaintiffs' counsel—Mr. Robert G. Klein of the Law of Office of Robert G. Klein and Mr. J. Steven Sparks of Sanders & Parks PC—to withdraw their representation of

Bridgepoint in this matter.[1] (*See* Doc. 50-4, Demand Letter.) Defendant reports that, in a separate action in which Newton is a party (unlike the present one), the California state court granted Newton's motion to disqualify Klein from representing both Bridgepoint and Salter due to conflicting interests between them, and that court required Bridgepoint and Salter to retain separate and individual counsel. (Doc. 50-1, Ex. A, Cal. Ruling at 4-5.) Defendant represents in his Response that the California state court also found Plaintiffs' allegation in their pleadings that Newton was a 75% shareholder to be a judicial admission that estops them from asserting the contrary. (Doc. 50 at 2, 7-8.)

Based on the foregoing, Defendant opposes Plaintiffs' Motion to Amend because (1) it was improperly brought by Klein and Sparks, who Newton has asked to withdraw from representing Bridgepoint; (2) it is made in bad faith, because it is not plausible Plaintiffs were unaware of Bridgepoint's ownership prior to filing the prior Complaints; (3) it is barred by the doctrine of judicial estoppel in view of the proposed SAC's inconsistency with the prior Complaints; and (4) the proposed SAC is prejudicial to Defendant because he will have to engage in additional discovery.

First, the Court cannot resolve what is not before it. No party or interested third party has filed a motion to disqualify Klein and Sparks from representing Plaintiffs in this matter. The Court thus cannot conclude that the Motion to Amend is improperly before it.

Second, Defendant asks the Court to conclude that Plaintiffs' proposed amendment is made in bad faith, while Plaintiffs contend that it was necessitated by an inadvertent mistake. Defendant has not provided any direct evidence of bad faith, and the Court cannot go so far as to infer bad faith without factual support in light of Plaintiffs' inadvertence contention.

Third, Defendant's reading of the California state court's decision appears to go too far. While that court did provide a legal definition of a judicial admission, the court stated several times that it "is not in a position to adjudicate corporate control or ownership of Bridgepoint." (Cal. Ruling at 3-4.) Likewise, considering the present case is

---

[1] Klein and Sparks also represent Salter, the other Plaintiff in this matter.

- 3 -

at the pleading stage and discovery will continue for another year (*see* Doc. 54), this Court is certainly in no position to examine evidence material to Plaintiffs' claims outside the pleadings or make a factual determination as to whether Salter or Newton own Bridgepoint. And a plaintiff is not judicially estopped from amending a complaint; indeed, amendment is contemplated by Rule 15 and routine in litigation, particularly where the plaintiff contends that a mistake in a prior allegation was inadvertent.

Finally, the prejudice Defendant identifies would result from Plaintiffs' proposed amendment to the Amended Complaint—potential additional discovery—is not the type of prejudice contemplated in a Rule 15 analysis when the parties are just beginning discovery in this matter.

Because the Court does not find that Plaintiffs' proposed amendment was brought improperly or in bad faith, that it is futile, or that it unduly prejudices Defendant, the Court will grant Plaintiffs leave to file the Second Amended Complaint.

## II. MOTION TO STAY

Defendant moves to stay this action pending the outcome of the California state court action because of the overlap between the claims in the two actions. (Doc. 55.) Plaintiffs oppose the stay, arguing that the claims are not the same in the two lawsuits; here, Plaintiffs have sued Defendant Lassetter—who the California state court dismissed for lack of personal jurisdiction—for fraudulent transfer and money had and received, and the California state action will not resolve those claims. Plaintiffs also argue that any judgment in Plaintiffs' favor in the California state action will be meaningless unless judgment is also obtained against Lassetter because, Plaintiffs allege, Lassetter diverted the money at stake and has personally retained the funds. (Doc. 57.) Plaintiffs thus assert that they will be prejudiced by a stay, at least if it is not accompanied by an asset freeze.[2]

Where a federal action addresses an issue or issues identical to those in a pending state case, federal courts may stay the federal case. *See Colo. River Water Conservation*

---

[2] Plaintiffs point out that the bond in the California state action would not serve the same purpose.

- 4 -

*Dist. v. U.S.*, 424 U.S. 800, 815 (1976). While the Supreme Court has clarified that such a stay is based on "wise judicial administration, giving regard to conservation of judicial resources," rather than principles of federalism and federal-state relations, and is thus not technically abstention, *see id.* at 817, the effect is practically identical.

In evaluating the propriety of a stay under *Colorado River*, district courts in the Ninth Circuit weigh eight separate factors: (1) which court first assumed *in rem* jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the *fora* obtained jurisdiction; (5) whether federal or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). Any doubt as to whether a factor weighs in favor of either party should be resolved against a stay. *See McKee v. Peoria Unified Sch. Dist.*, 963 F. Supp. 2d 911, 920 (D. Ariz. 2013). The Court must balance each of these factors as they apply in the case at hand, and the balance is "heavily weighted in favor of exercising jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). None of the factors is determinative. *Colorado River*, 424 U.S. at 818.

The first factor—whether either court has taken control of the property that is the subject of the litigation—weighs against a stay. This is not an *in rem* proceeding, and so the factor is absent. *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (noting the absence of this factor weighs against a stay).

The second factor—the inconvenience of the federal forum—also weighs against a stay, as Defendant, the moving party, is a resident and citizen of Arizona, in which the federal forum sits.

The third factor—the desire to avoid piecemeal litigation—is neutral. While some issues addressed in the California state court could inform the present lawsuit, the claims and the Defendant in this litigation are different than in the California state action.

The fourth factor—the order in which the *fora* obtained jurisdiction—favors a stay because the California state action was brought first, but with the significant caveat that the California state court found it does not have jurisdiction over Defendant or Plaintiffs' claims against Defendant giving rise to the present matter.

The fifth factor—whether federal or state law provides the rule of decision on the merits—favors a stay because the causes of action are brought under state law.

The sixth factor—whether the state court proceedings can adequately protect the rights of the federal litigants—weighs against a stay because, while there is no doubt the California state court is qualified to protect federal litigants' rights, Plaintiffs' claims against Defendant in this lawsuit will not be litigated in the California state court.

The seventh factor—the desire to avoid forum shopping—weighs against a stay. Plaintiffs tried to bring their claims against Defendant in California state court, but that court granted Defendant's motion to dismiss for lack of personal jurisdiction. The Court has no indication that Plaintiffs engaged in forum shopping in bringing the present action.

The eighth factor—whether the state court proceedings will resolve the issues before the federal court—weighs heavily against a stay. As the Court already stated, the claims in this lawsuit are different from those in the California state action.

In sum, five of the eight factors weigh against staying the present federal proceeding, and the other three factors are either neutral or slightly favor staying this proceeding. The Court also notes that the eighth factor—whether the state court proceedings will resolve the issues before the federal court—has an outsized weight under the circumstances of this matter. And while weighing these factors is more than simply counting them up, the Court is persuaded that denying Defendant's request for a stay is appropriate.

The Court also notes that this action is already a year and a half old, and a stay in this matter, coupled with a lack of any movement in the state matter, would operate to delay or even stymie resolution of the this matter indefinitely, thus defeating the purposes of Rule 1 of the Federal Rules of Civil Procedure.

1    IT IS THEREFORE ORDERED granting Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 45). Plaintiffs shall file the Second Amended Complaint on the docket by May 22, 2017.

IT IS FURTHER ORDERED denying Defendant's Motion to Stay (Doc. 55).

Dated this 17th day of May, 2017.

Honorable John J. Tuchi
United States District Judge